UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL LAWRENCE WOOD,

    Petitioner,               Civil No. 2:20-CV-12576
                                  Hon. George Caram Steeh
  v.

MIKE BROWN,

    Respondent.
_____/

**OPINION AND ORDER : (1) GRANTING THE MOTION TO CONSOLIDATE (ECF No. 1, PageID. 9), (2) GRANTING THE MOTION FOR UPDATE TO CONFINEMENT (ECF No. 5), GRANTING THE MOTION TO SUPPLEMENT THE PETITION (ECF No. 14), DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 7), DENYING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241, TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Samuel Lawrence Wood, ("petitioner"), presently confined at the Kinross Correctional Institution in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner appears to be challenging his state court conviction for two counts of second-degree murder, M.C.L.A. 750.317. Petitioner also claims the Federal Bureau of Prisons ("BOP") failed to give him proper sentencing credit by refusing to *nunc pro tunc* designate the state prison as

- 1 -

the place of confinement on his federal convictions out of the United States District Court for the Eastern District of Michigan for one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, 841(a)(1) and six counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Petitioner also appears to argue that the judge in his federal case should have applied § 5G1.3 of the United States Sentencing Guidelines to grant a downward departure on petitioner's federal sentence based on his sentence on his state court conviction for second-degree murder. Petitioner also alleges that his counsel in his federal case was ineffective.

The State of Michigan was ordered to file a response. The Michigan Attorney General filed a motion to dismiss.

For the reasons that follow, the petition for writ of habeas corpus is DENIED IN PART. The Court further concludes that jurisdiction over the portion of the petition addressing the BOP's failure to retroactively designate state prison as the place of confinement for petitioner's federal conviction lies in the United States District Court for the Western District of Michigan and orders the remainder of the petition transferred to that district.

## I. BACKGROUND

In 2007, petitioner pled guilty before Judge Paul Gadola of this district to one count of conspiracy to distribute cocaine and six counts of distribution of cocaine. *United States v. Wood,* No. 07-cr-20094 (E.D. Mich.). On November 5, 2008, Judge Sean F. Cox sentenced petitioner to 240 months on each count, to be served concurrently. (ECF No. 177, PageID. 492). On January 26, 2016, Judge Linda V. Parker reduced petitioner's sentence of 240 months to 180 months, pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 247).

In 2013, petitioner pleaded no contest to two counts of second-degree murder in the Genesee County Circuit Court. Petitioner was sentenced to a total of 14 years, 8 months to 22 years on the two counts. The state judge ordered the state sentences to be served concurrently to petitioner's federal sentence.

Petitioner claims that the Genesee County Prosecutor had a detainer placed on him, which prevented federal authorities from transferring petitioner immediately to state custody. Petitioner was not released to the Michigan Department of Corrections until he was released from federal prison in 2019.

Petitioner claims that the Bureau of Prisons refused to *nunc pro tunc* designate state prison as the place of confinement for his federal conviction. Petitioner claims that were he to receive this designation, he could have served his state sentence concurrently with his federal sentence. Petitioner claims that as a result, he has been deprived of 2324 days of sentencing credit towards his state sentence.

Petitioner has now filed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Construed liberally, petitioner appears to (1) challenge his state court conviction for second-degree murder, (2) challenge the BOP's failure to retroactively designate state prison as the place of confinement for petitioner's federal conviction, which would allow the state conviction to run concurrently with the federal conviction, and (3) challenge the federal judges' failure to use 5G1.3 of the United States Sentencing Guidelines to adjust his federal sentence downwards. Petitioenr also alleges that trial counsel in the federal case was ineffective.

## II. DISCUSSION

### A. The motion to consolidate (ECF No. 1, PageID. 9) is GRANTED.

Petitioner moves for this Court to consolidate his federal and state cases into one petition because the cases are related.

The Sixth Circuit has at least tacitly approved a district court consolidating a prisoner's 28 U.S.C. § 2254 petition challenging his state court conviction with a 28 U.S.C. § 2255 motion to vacate sentence challenging a federal conviction. *See Warner v. United States*, 975 F.2d 1207, 1208 (6th Cir. 1992). This Court grants the motion to consolidate.

**B. The motion for update to confinement (ECF No. 5) is GRANTED.**

Petitioner filed a motion to update his change of address.

Local Rule 11.2 provides a court in the Eastern District of Michigan the authority to dismiss a case for failure to keep the court apprised of address changes.

A habeas petitioner has the duty to inform the court of any address changes. *See Thompkins v. Metrish*, No. 2:07–CV–12; 2009 WL 2595604, * 1 n. 1 (W.D. Mich. Aug. 20, 2009)(*quoting Kelly v. Wal–Mart, Inc.*, No. 7:07–CV–0089; 2007 WL 2847068, at *1 (N.D.N.Y. Sept. 26, 2007). Petitioner has done that in this case.

The motion is granted.

**C. The motion to supplement the petition (ECF No. 14) is GRANTED.**

The Court grants the motion to amend the habeas petition; the amended habeas petition supplements the claims raised in the original

petition. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

**D. Petitioner cannot use 28 U.S.C. § 2241 to challenge his state conviction.**

The petition for writ of habeas corpus is subject to dismissal because petitioner has sought habeas relief from his state court convictions pursuant to 28 U.S.C. § 2241(C)(3) and not 28 U.S.C. § 2254, as well as the fact that petitioner has failed to exhaust all of his claims with the state courts prior to filing his habeas petition.

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). 28 U.S.C.§ 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal

decisions ...support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006)(emphasis original); *See also Allen v. White*, 185 F. App'x. 487, 490 (6th Cir. 2006)("In light of the serious question whether a state prisoner *may* proceed under § 2241, there is no reason to think that a state prisoner (like Allen) *must* proceed under § 2241, or, a fortiori, that a court commits error by not converting a petition under § 2254 into one under § 2241)(emphasis original).

    The basic rationale behind these decisions is that because § 2254 is the more specific statute regarding habeas applications which challenge state court judgments, the provisions of that section take precedence over Section 2241. *See Medberry v. Crosby,* 351 F. 3d 1049, 1060 (11th 2003); *Cook v. N.Y. State Division of Parole*, 321 F. 3d 274, 279, n. 4. (2nd Cir. 2003); *Coady v. Vaughn,* 251 F. 3d 480, 484-85 (3rd Cir. 2001). If this Court were to permit petitioner to use 28 U.S.C. § 2241 to challenge his state court convictions, he would not be subject to: (1) the AEDPA's one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1); (2) the

deferential review accorded to state court decisions under 28 U.S.C. § 2254(d)(1) and (2); (3) the AEDPA's limitations on successive petitions, contained in 28 U.S.C. § 2244(b)(2); and (4) state court exhaustion requirements. *See White v. Lambert,* 370 F. 3d 1002, 1008 (9th Cir. 2004); *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010).

Therefore, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 F. App'x. 94, 95 (6th Cir. 2002).

> "[W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)."

*Greene v. Tennessee Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001)(quoting *Walker v. O'Brien,* 216 F. 3d 626, 633 (7th Cir. 2000)).

As a general rule, if a habeas petition brought by a state prisoner under 28 U.S.C. § 2241 is re-characterized by a district court *sua sponte* as being a habeas petition brought under 28 U.S.C. § 2254, and the court then adjudicates the habeas petition on the merits and is inclined to dismiss the petition with prejudice, the court must first give notice to the petitioner and

allow him the option of withdrawing the habeas petition. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir.2004)(*citing In re Shelton*, 295 F.3d 620, 622 (6th Cir.2002)). The re-characterization of a petition brought pursuant to 28 U.S.C. § 2241 as a § 2254 petition without prior notice to the petitioner may bar him from asserting a habeas challenge to his state sentence at a later date, due to the limitations on the filing of second or successive habeas petitions that is contained in 28 U.S.C.§ 2244(b). *Id.*

In the present case, it is unnecessary to offer petitioner the option to withdraw his petition or agree to have his petition re-characterized as one brought pursuant to 28 U.S.C. § 2254, because even if petitioner wished to proceed under Section 2254, the instant petition is also subject to dismissal because several of the claims that have not been exhausted with the state courts. These claims include: (1) ineffective assistance of trial counsel (ECF No. 1, PageID. 2-3, 6), (2) appellate counsel was ineffective in citing to the wrong law on petitioner's direct appeal, (ECF No. 1, PageID. 9), the state prosecutor violated *Brady v. Maryland,* 373 U.S. 83, 87 (1963) by failing to disclose to the Bureau of Prisons that petitioner's federal and state cases were related for purposes of running the sentences concurrently (ECF No. 1, Page 7-8), the state court judge improperly amended the judgment of sentence to make it consecutive to the federal sentence (ECF

No. 13, PageID. 1218), trial counsel was ineffective for failing to investigate or research the law to challenge the state court judge's determination that petitioner was not entitled to additional sentencing credit, (ECF No. 13, PageID. 1219-21), and the police and the Federal Bureau of Investigation fabricated evidence in this case. (ECF No. 13, PageID. 1223, ECF No. 15, PageID. 1300).

With the exception of the last claim, none of these claims were raised before the Michigan Court of Appeals or Michigan Supreme Court on petitioner's direct appeal.  Petitioner did attempt to raise the last claim involving the alleged fabrication of evidence in his application for leave to appeal before the Michigan Supreme Court.  Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  In any event, the other claims were not presented to either court.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The AEDPA preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing

claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The mere fact that petitioner is attempting to challenge his conviction under 28 U.S.C. § 2241 does not excuse him from the exhaustion requirement. *See e.g. Collins v. Million,* 121 F. App'x. 628, 630 (6th Cir. 2005). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner could exhaust his claims regarding his state court convictions by filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Genesee County Circuit Court. *See Wagner v. Smith,* 581 F. 3d at 419. Because petitioner has failed to

exhaust his state court remedies, any habeas challenge to his state court convictions is premature.

### E. Any challenge to the federal conviction needs to be brought as a motion to vacate sentence under 28 U.S.C. § 2255.

Petitioner also appears to be requesting a downward departure of his sentence pursuant to U.S.S.G. § 5G1.3 of the Federal Sentencing Guidelines. Petitioner also alleges that he was denied the effective assistance of counsel in his federal case.

A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *See Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F. 3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful

does not necessarily meet that burden. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).  The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F. 3d at 303.  Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the AEDPA's one year statute of limitations to expire. *Charles,* 180 F. 3d at 758.

　　Petitioner's challenge to the federal sentence imposed in this case should be brought in a § 2255 motion to vacate sentence. *Capaldi,* 135 F. 3d at 1123.  In particular, a motion to vacate his sentence, rather than a federal habeas petition, is the proper remedy for a federal prisoner to challenge the district court's failure to reduce his federal sentence pursuant to U.S.S.G. § 5G1.3 of the Federal Sentencing Guidelines for imposition of a sentence on a defendant subject to an undischarged term of imprisonment in state custody. *See Garrett v. Snyder*, 41 F. App'x. 756, 757–58 (6th Cir. 2002).  Likewise, petitioner's ineffective assistance of counsel claim is a challenge to his conviction which should be brought in a

§ 2255 motion to vacate sentence rather than a § 2241 petition for writ of habeas corpus. *See e.g. Mans v. Young,* 36 F. App'x. 766, 768 (6th Cir. 2002).

Petitioner is not entitled to use § 2241 to challenge his federal conviction or to seek a downward departure under the sentencing guidelines, because there is no allegation in his petition that his remedy under Section 2255 would be inadequate or ineffective to test the legality of his conviction or to seek a downward departure from the sentencing guidelines. *See Baldwin v. United States,* 412 F. Supp. 2d 712, 716 (N.D. Ohio 2005). Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002); *Baldwin,* 412 F. Supp. 2d at 715-16. The proper course for this Court would be to dismiss this portion of the petition without prejudice to petitioner filing a motion to vacate sentence under 28 U.S.C. § 2255 before the sentencing judge.

> **F. The Court lacks jurisdiction over petitioner's challenge to the Bureau of Prisons' refusal to *nunc pro tunc* designate that his federal sentence be served in a state prison.**

This Court does not have jurisdiction to entertain the portion of the petition challenging how petitioner's federal sentence was or is being executed in relation to his state sentence, because petitioner is

incarcerated at the Kinross Correctional Facility, which is located in the United States District Court for the Western District of Michigan.

A district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. *Guerra v. Meese*, 786 F. 2d 414, 415 (D.C. Cir. 1986).  The habeas corpus power of federal courts over federal prisoners has been confined by Congress through 28 U.S.C. § 2241 to the district court within whose territorial jurisdiction the custodian is located. *Wright v. United States Board of Parole,* 557 F. 2d 74, 77 (6th Cir. 1977).  Claims which seek to challenge the execution or manner in which a federal prisoner's sentence is served shall therefore be filed in the court having jurisdiction over the prisoner's custodian pursuant to § 2241. *Charles v. Chandler,* 180 F. 3d at 756; *Griffin v. Herrera,* 212 F. Supp. 2d 707, 709 (E.D. Mich. 2002).  As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction. *See Martin v. Perez,* 319 F. 3d 799, 803 (6th Cir. 2003).  Therefore, the fact that petitioner may have been convicted in the Eastern District of Michigan would not give this Court jurisdiction over the portion of his § 2241 habeas petition that challenges how the BOP executed his federal sentence, because this Court does not have jurisdiction over the warden of the prison where petitioner is

incarcerated. *See Robinson v. Morrison,* 27 F. App'x. 557 (6th Cir. 2001). Petitioner's motion to have his federal sentence run concurrently with his state sentence challenges the manner in which his federal sentence is being served with his state conviction and can only be brought in the federal district having jurisdiction over his custodian, which in this case is the Western District of Michigan. *See Norris v. United States*, No. 19-6030, 2020 WL 1181972, at * 3 (6th Cir. Feb. 6, 2020), *cert. denied*, 141 S. Ct. 377 (2020).

Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." *See Roman v. Ashcroft*, 340 F. 3d 314, 328 (6th Cir. 2003). Where a federal district court in which a habeas petition was brought lacks personal jurisdiction over the respondent or venue is otherwise inappropriate, the district court may transfer the case to the appropriate district court *sua sponte. Chatman-Bey v. Thornburgh,* 864 F. 2d 804, 813-814 (D.C. Cir. 1988); *Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002). Because this Court does not have personal jurisdiction over petitioner's custodian with respect to the claims challenging the execution of petitioner's federal sentence, it must transfer this portion of the

- 16 -

case to the federal district court which has jurisdiction over petitioner's custodian. *Ozoanya v. Reno,* 968 F. Supp. 1, 8 (D.D.C. 1997).

### G. The motion for the appointment of counsel (ECF No. 7) is DENIED.

Petitioner filed a motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Petitioner is not currently entitled to habeas relief on any of his claims. The Court will deny petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

## III. ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED IN PART.**

IT IS FURTHER ORDERED that the Clerk of the Court transfer this case to the United States District Court for the Western District of Michigan for that Court to adjudicate petitioner's challenges to the execution of his federal sentence.

IT IS FURTHER ORDERED that the motion to consolidate (ECF No. 1, PageID. 9), the motion to update confinement (ECF No. 5), and the

motion to supplement the petition (ECF No. 14) are **GRANTED.** The motion to appoint counsel (ECF No. 7) is **DENIED.**

A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. See *Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Dated: June 7, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 7, 2021, by electronic and/or ordinary mail and also on Samuel Wood #709359, Kinross Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49788.

s/Leanne Hosking
Deputy Clerk