UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
\_\_\_\_\_

SAMUEL WOOD,

        Petitioner,               Case No. 2:21-cv-121

v.                                         Honorable Hala Y. Jarbou

MIKE BROWN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner. Petitioner initially filed his petition in the United States District Court for the Eastern District of Michigan. The Eastern District Court sifted through Petitioner's contentions and resolved those issues that the court thought were properly before it. The Eastern District then entered judgment on those claims and even granted Petitioner leave to appeal *in forma pauperis* with respect to the court's denial of those claims.

One aspect of Petitioner's claim, however, was whether the Federal Bureau of Prisons had erred in its calculation of credit for time served in connection with state-court pretrial proceedings. Because Petitioner was incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan, at the time he filed his petition—and that facility is in this district—the Eastern District concluded that claim should be before this Court. Accordingly, it transferred that part of the petition here.

The petition is much broader than the single issue that was transferred to this Court. A review of the procedural history relating to all of Petitioner's claims provides necessary context for the sole issue that remains.

In *United States v. Wood et al.*, No. 4:07-cr-20094 (E.D. Mich.) (herein the 2007 federal prosecution), on November 5, 2008, the United States District Court for the Eastern District of Michigan sentenced Petitioner for one count of conspiracy to distribute cocaine and six counts of distribution of cocaine to 20 years imprisonment and 5 years supervised release. (**2007 federal prosecution**, Sentencing Hr'g Tr., ECF No. 233.) The cocaine conspiracy at the heart of Petitioner's federal prosecution was the subject of a much more far-ranging contemporaneous racketeering prosecution in the Genesee County Circuit Court. That proceeding involved the prosecution of dozens of defendants. Petitioner, along with many other defendants, cooperated with the prosecutor. He testified in several other cases.

Petitioner was prosecuted in the state case as well. He entered a guilty plea to a charge of second-degree murder in Genesee County Circuit Court Case No. 08-22548-FC-A (herein the **2008 state prosecution**). On June 4, 2013, he was sentenced to 7 years, 2 months, to 15 years imprisonment with credit for the time he had spent in custody, essentially since he had been detained in connection with the federal prosecution.

Petitioner was also prosecuted in a separate proceeding, Genesee County Circuit Court Case No. 12-030815-FC-A (herein the **2012 state prosecution**). He entered a *nolo contendere* plea to a charge of second-degree murder in the 2012 state prosecution.

The plea and sentencing transcripts make clear that it was everyone's purpose to give Petitioner the greatest amount of credit for the time he served before he was sentenced. (Plea Tr., ECF No. 1, PageID.21) ("[T]he proposal also included that the Court in calculating credit

would be as liberal as the law allowed in giving additional credits for time spent in custody.").) Indeed, the discussions suggested that he would perhaps get as much credit in the 2012 prosecution as he received in the 2008 prosecution.  The parties and court contemplated that Petitioner would almost completely serve his state sentences before he was released from his federal sentence.  The most he might serve beyond the federal sentence would be two additional years on his 2012 state prosecution maximum sentence.  (*Id.*)

Petitioner was sentenced in the 2012 state prosecution just a few weeks after the sentence for the 2008 state prosecution was imposed.  The court concluded that the maximum credit Petitioner could receive was just a little over two years, several years less than the credit Petitioner received in the 2008 state prosecution.  Nonetheless, it still appeared that Petitioner would serve at least his minimum sentence before he was released from custody on the federal sentence.

Subsequently, the federal court granted Petitioner's motion to adjust his federal sentence in light of changes to the sentencing guidelines.  Petitioner's sentence was reduced from 20 years to 15 years.  That threw Petitioner's federal sentence out of synch with his state sentences.  That incongruence lies at the heart of Petitioner's present challenge.

Petitioner understandably expected that his pleas in the state prosecutions would "cost" him nothing because the state sentences were effectively shorter than his federal sentence and to be served concurrently with each other and with his federal sentence.  Two circumstances dashed that expectation.  First, Petitioner was not given all of the credit he expected when he was sentenced in the 2012 prosecution; and second, Petitioner's shortened federal sentence meant that he was bound to serve some of this state sentence(s) in a state correctional facility rather than a federal correctional institution.  That prospect may have been particularly troubling to Petitioner

because he had been threatened for his cooperation with authorities in the state proceedings and those person who were prosecuted were likely still in the custody of the MDOC.

Petitioner expected credit against the 2012 prosecution sentence commensurate with that given for the 2008 prosecution. In the judgment for the 2008 state prosecution, the court credited Petitioner with 5 years, 132 days for time spent in detention prior to sentencing. (Jud., ECF No. 1, PageID.12–13.) The Michigan Department of Corrections calculated a total of 1,957 days of credit running from issuance of the warrant on December 20, 2007,[1] to the sentence on June 4, 2013. (PSIR, ECF No. 1, PageID.15.)

In the 2012 state prosecution, Petitioner was awarded credit for 2 years, 286 days. (Jud., ECF No. 1, PageID.13.) The Michigan Department of Corrections calculated a total of 1,016 days of credit running from initial issuance of the warrant on that charge on September 10, 2010, until September 28, 2011, when the charge was dismissed, and then running again from when the warrant was resissued on October 13, 2011, until Petitioner was sentenced on July 8, 2013. (PSIR, ECF No. 1, PageID.16.)

Petitioner's frustrated expectations were known immediately at sentencing. Petitioner argued that the court had promised the same credit in both cases. (Sentencing Tr., ECF No. 1, PageID.53–71.) The trial court disagreed and invited Petitioner to take the issue up with the court of appeals. The court pointed out, however, that Petitioner's option would not be the credit he claimed he was promised, but the right to withdraw his plea—an option that would bring back all of the life-imprisonment-offense charges that were dismissed as part of his plea bargain.

---

[1] The Petitioner was jailed prior to December 20, 2007. Documents filed in the 2007 federal prosecution indicate that he was incarcerated at the Genesee County Jail in Flint at least as early as February of 2007. It appears that Petitioner was not incarcerated on the charges at issue in the 2008 state prosecution at that time though, so he was not credited for his incarceration until the incarceration was based, arguably, on the 2008 state prosecution.

4

There is nothing about the state court's handling of credit for Petitioner's 2012 state prosecution that had any impact on Petitioner's federal sentence. The time was ticking away on Petitioner's federal sentence the entire time the state prosecutions were proceeding. Every day Petitioner was in custody counted on his federal sentence up to the day he was released, December 5, 2019. Petitioner was sentenced to 20 years, reduced to 15 years. He was released well before the 15 years had expired, because of good-conduct time. (Pet., ECF No. 1, PageID.7.)

Petitioner's suggestion that some flaw in the federal criminal prosecution or some miscalculation by the Federal Bureau of Prisons has had any impact on his state or federal sentence is entirely unfounded. He makes the suggestion with no support whatsoever. There is nothing in the state court record to support it and nothing in the federal docket to support it. Petitioner's base claim that he is entitled to some relief under 28 U.S.C. § 2241 because of a problem with the federal sentence is groundless.

That leaves Petitioner's claims regarding the state prosecutions, claims that have already been resolved by the Eastern District. Petitioner does not identify any flaw in his plea or sentence with regard to the 2008 state prosecution. The only objection he raises is his contention that he was not given proper credit in connection with the 2012 state prosecution. Petitioner sought leave to appeal to the Michigan Court of Appeals to raise that claim. (Pet'r's Delayed Appl. for Leave to Appeal, ECF No. 11-26, PageID.999–1009.) By order entered December 17, 2014, the court of appeals denied leave "for lack of merit in the grounds presented." (Mich. Ct. App. Order, ECF No. 11-26, PageID.998.)

Petitioner then filed a *pro per* application for leave to appeal to the Michigan Supreme Court. (Pet'r's *Pro Per* Appl. for Leave to Appeal, ECF No. 11-27, PageID.1148–1155.) Petitioner argued that he was tricked or forced into entering his plea in the 2012 state prosecution.

5

He also specifically referenced the arguments raised in the court of appeals. By order entered May 28, 2015, the Michigan Supreme Court denied leave to appeal. (Mich. Order, ECF No. 11-27, PageID.1147.) Petitioner then waited more than five years before filing his petition.

The petition does not clearly identify the grounds for habeas relief; however, Petitioner states the following:

I. What are you challenging in this Petition: How my sentence is being carried out calculated or credited by prison or parole authorities detainer calculation of good time credits. (Pet., ECF No. 1, PageID.1.)

II. Challenging: State of Michigan Genesee County Prosecutors detainer filed after state judge order sentence to be served concurrently with Federal Sentence serving. Explain: State judgments went silent to federal Court authorities, where the FBOP taken away 2324 days credit served where the state judge intended to order[] his sentences concurrently.

III. The state court did not award 914 days credit, but by the Federal Sentence being the controlling sentence and state orders of judgment being concurrent to the federal sentence served after a correction of the silent state court judgments intended to be concurrently, this court can grant 2324 days credit time serves to release the prisoner from a unjust error illegal confinement where my liberty is at risk of prison officials denying me treatment for a tumor growth on my head discharging fluid of secretions over 11 years untreated.

IV. Also the health care act of COVID 19 I should be at home not at risk from illegal placement. . . .

V. The appellant Samuel Wood is seeking and asking the Federal District Court to consolidate federal and state proceedings and do a credit and adjustment to modification to time served.

VI. The Appella[nt] Samuel Wood is seeking corrections of the federal authorities in failing to designate the state sentence in which the state court intended to be concurrent as the place of confinement with a federal charge.

VII. The Appellant Samuel Wood is now asking this honorable court to grant relief in seeking nunc pro tunc exercise of the Federal Bureau of Prisons (Bureau) Power to corrects its mistake in failing to designate the state prison as the place of confinement for the Federal charges. . . .

VIII. Appella[nt] is seeking review of order from the United States District Court for the Eastern District of Michigan. Appella[nt] is seeking correction of

> the federal authorities['] mistake in failing to designate the place of confinement for a federal charge.

(Pet., ECF No. 1, PageID.1–5.)  Respondent moved to dismiss the petition (ECF No. 10) because it was not properly brought and, even if it were properly brought, it was time-barred.

The Eastern District of Michigan's opinion, order, and judgment disposed of all claims except for Petitioner's claim that the Federal Bureau of Prisons miscalculated something. For the reasons set forth above, however, I conclude that the Federal Bureau of Prisons did not miscalculate anything.  Every day Petitioner served that could possibly be credited against his federal sentence was so credited.  Petitioner's real problem with the way his sentences were carried out is not with the federal sentence at all.  Petitioner's actual challenge is directed at the credit the state court awarded him against the sentence in the 2012 state prosecution.  That claim was previously reduced to judgment by the United States District Court for the Eastern District of Michigan.  It is not before this Court.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied.

Dated: July 19, 2021

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).