UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL WOOD,

    Petitioner,

                                Case No. 2:21-cv-121

v.

                                Hon. Hala Y. Jarbou

MIKE BROWN,

    Respondent.

_____/

## **ORDER**

On July 19, 2021, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 22) recommending that the Court deny Petitioner Samuel Wood's habeas petition. Before the Court is Petitioner's objection to the R&R (ECF No. 24).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

This habeas petition was transferred from the United States District Court for the Eastern District of Michigan after it entered judgment on all of Petitioner's claims except one, which the Eastern District Court determined it did not have jurisdiction over. This last claim before this Court is whether the Federal Bureau of Prisons ("FBOP") erred in failing to retroactively designate state prison as the place of confinement for Petitioner's federal conviction. The magistrate judge determined that Petitioner provides no support for suggesting such an error, nor does the state court record or anything in the federal docket support such an error.

Petitioner makes objections related to the Eastern District Court's judgment and order on his motion for reconsideration. (Pet'r's Obj. to the R&R ¶ 14, ECF No. 24.) This Court has no jurisdiction to hear those objections. Next, Petitioner makes several objections to the magistrate's characterization of facts related to Petitioner's state prosecutions, such as the magistrate's description of Petitioner's two state prosecutions as "separate proceedings," or whether the trial court gave him the option to withdraw his plea. (R&R 2.) Petitioner does not explain the consequences of these characterizations, nor how they are related to or have any affect on the issue of the FBOP's designation. Petitioner similarly objects to the magistrate's identification of Petitioner's failure to point out any flaw in his plea or sentence with regard to his state prosecution in 2008. However, Petitioner's claims regarding his state prosecutions are claims that already been resolved by the Eastern District and are not subject to review here.

Petitioner also objects that the reduction of his federal sentence does not mean that the Petitioner "was subject to a continue[d] state sentence being served in a state correctional facility where the federal sentence controls." (Pet'r's Obj. ¶ 16.) Petitioner provides no support or argument for this objection. Nor does he provide support for his objection to the magistrate's finding that his habeas petition is groundless.

Lastly, Petitioner makes an objection arguing that there is a flaw in his federal sentence due to ineffective assistance from counsel John Minock. Minock was appointed by Judge Linda Parker and assisted Petitioner in the matter that resulted in Petitioner's sentence reduction in light of changes to the sentencing guidelines. Petitioner does not show how any error Minock may or may not have made affects the FBOP's failure to designate the state prison as the place of confinement for his federal conviction.

Petitioner reiterates a request for the Court to seal the rulings and orders of this Court from public access. The magistrate judge previously considered and denied this request. (ECF No. 25.) Petitioner has not supplied any additional information or arguments for reconsideration. This request is denied.

Accordingly,

**IT IS ORDERED** that Petitioner's objection (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 22) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not conclude that the dismissal of Petitioner's claims was debatable or wrong. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will enter a judgment dismissing the habeas petition.

Date:   January 27, 2022               /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       UNITED STATES DISTRICT JUDGE